Concurring Opinion by Justice Moseley
Bailey C. Moseley Justice,
concurring
One of the great values found in the rule of stare decisis is that people can look to decisions arising from past situations in order to guide their footsteps in the future. The majority opinion here is a very scholarly and able attempt to draw a bright distinctive line between a health care liability claim and a simple “garden-variety” slip and fall case. Unfortunately, the ambiguity of the legislative acts being construed and the uncertainty of the decisions issued by the Texas Supreme Court on the particular cases involving the legislation leaves the attorneys who handle these kind of cases, the trial judges, the appellate courts, the health care providers, and the populace as a whole scratching their collective heads when attempting to discern the difference.
One can hardly deny that if the person who fell in the triage room was the patient (and not the patient’s grandmother), the claim would almost certainly fall within the category of a health care liability claim. Thinking that way, the ordinary man might deduce that the bright red line would surely be the identity of the person who suffers the injury. However, the Legislature plainly rejected that solution by changing the wording in the statute to “claimant” as opposed to the word “patient” as had previously been in the law. See Tex. Civ. Prac. & Rem.Code § 74.001(a)(13) (West Supp.2014); Tex. W. Oaks Hasp., L.P. v. Williams, 371 S.W.3d 171,179 (Tex.2012)
On the other hand, a layman might believe that the existence of a health care liability claim may hinge on the identity of a person making the decision that resulted in damage. In other words, if a health care provider made a decision that resulted in damage to a person, then the damage would fall within the category of a health care liability, claim. But that would not really apply because what health care provider makes the decision as to the appropriate time to call an exterminator to eradicate brown recluse spiders? Omaha Healthcare Ctr., LLC v. Johnson, 344 S.W.3d 392, 395 (Tex.2011).
One might logically think that geography would have some importance in making such a decision (This seems to be the position most strongly espoused by Good Shepherd, which also points out that the decision when to mop the floor of a triage room and when to return that room to service involves some measure of a decision by a health care provider.). But what about the hall leading to the triage room? What would be the result if the claimant tripped on bandages which were carelessly strewn on the floor of the hall by health *594 care providers and not promptly removed? If the fall takes place precisely in the doorway between the hall and the triage room, which geographical determination applies? Does it make a difference if the person who tripped was the person seeking the provision of health care or the care seeker’s grandmother, who brought the patient there for service?
This concurring opinion commences with my observation that the majority opinion is both scholarly and able. It is truly as workmanlike and as precise as the law which it construes will permit. I can think of no better way — given the status of the legislation and the opinions of the Texas Supreme Court — to define the issue and to settle the question. However, just about as good a case can be justified for the opposite result as the outcome, set out in the majority opinion. For the sake of the general public, I would call upon those who have more power than the intermediate appellate courts possess to somehow resolve this question in some way that is easily discernable. There is a need for a “bright red line” for the public and the profession to employ.